IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO CAMACHO, JR.,           : | |
|     Plaintiff                             : | No. 1:14-cv-01428 |
|                                               : | |
| v.                                                              : | |
|                                                 : | (Judge Kane) |
|                                                 : | |
| R. L. DEAN, et al.,                       : | |
|     Defendants                        : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Schwab (Doc. No. 102), in which she recommends that the Court deny Plaintiff's motion for a preliminary injunction (Doc. No. 13). Plaintiff has filed objections to the Report and Recommendation. (Doc. No. 103.) Also before the Court is Plaintiff's appeal (Doc. No. 104) of Magistrate Judge Schwab's July 22, 2015 order (Doc. No. 101). That order denied several non-dispositive motions, including Plaintiff's counsel's two motions for leave to withdraw, a motion regarding a change of Plaintiff's docket address, a motion for Rule 11 sanctions, and a motion for spoliation sanctions. (Doc. No. 104 at 1.)

Both the appeal and the objections to the Report and Recommendation have been fully briefed and are ripe for disposition. For the reasons that follow, the Court will overrule Plaintiff's objections to the Report and Recommendation and deny Plaintiff's motion for a preliminary injunction and deny Plaintiff's appeal.

**I.   BACKGROUND**

This litigation stems from injuries Plaintiff Roberto Camacho, an inmate at State Correctional Institution – Huntingdon (SCI-Huntingdon), allegedly sustained in 2012 when he was attacked by a supervisor at his job in the facility's kitchen. (See Doc. No. 1 ¶¶ 10-22.) The

basis for Plaintiff's claims has not been developed, however, because the litigation to date in this action has concerned collateral issues, principally Plaintiff's claim that SCI-Huntingdon officials are denying him access to his attorney.  (See e.g., Doc. No. 13.)

Based on Plaintiff's access-to-courts claim, Plaintiff filed a motion for a preliminary injunction on October 23, 2014.  (Doc. No. 13.)  Magistrate Judge Schwab conducted a hearing on Plaintiff's motion on May 28 and 29, 2015.  (See Doc. No. 58, 60.)  On July 22, 2015, Magistrate Judge Schwab issued her Report and Recommendation.  (Doc. No. 102.)  Also on July 22, 2015, Magistrate Judge Schwab issued an order on a number of Plaintiff's non-dispositive motions.  (Doc. No. 101.)  The Court considers first the Report and Recommendation and accompanying objections, followed by Magistrate Judge Schwab's order on the non-dispositive motions and the accompanying appeal.

## II.   REPORT AND RECOMMENDATION

### a.   The Report and Recommendation

After issuing a number of evidentiary rulings in the weeks before May 28, 2015 that resulted in the production of video evidence to Plaintiff, Magistrate Judge Schwab conducted a hearing on Plaintiff's motion for a preliminary injunction.  (Id. at 11.)  In the Report and Recommendation, Magistrate Judge Schwab summarizes the witness testimony from the hearing, including the testimonies of numerous individuals who are either past or present inmates at SCI-Huntingdon.  (Id. at 11-28.)  She also summarizes the testimonies of prison officials called by both Plaintiff and Defendants.  (Id. at 28-42.)

Throughout the Report and Recommendation, Magistrate Judge Schwab applied the legal standards for preliminary injunctions, focusing on whether Plaintiff had established a likelihood on the success on the merits of his access-to-courts claim, and whether Plaintiff had

demonstrated the requisite irreparable harm.  (Id. at 45) (citing Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998)).  As to the merits of the access-to-courts claim, Magistrate Judge Schwab applied the same framework from Turner v. Safley, 482 U.S. 78, 89 (1987), that Judge Caputo applied in a recent case involving a nearly identical access-to-courts claim related to SCI-Huntingdon.  (Id.); Lane v. Tavares, No. 14-991, 2015 WL 435003 (M.D. Pa. Feb. 3, 2015) (Caputo, J.).  In Turner, the United States Supreme Court announced four factors for courts to consider when weighing this type of claim: (1) "whether there is a valid, rational connection between the prison regulation and the government interest to justify it"; (2) whether the inmate has alternative means of exercising the right in question; (3) the impact of the proposed accommodation on the facility's operations; and (4) "whether there are alternatives that fully accommodate the prisoner's rights at a de minimis cost to valid penological interests."  (Doc. No. 102 at 57-62) (citing Turner, 482 U.S. at 89-90).

Ultimately, Magistrate Judge Schwab found that Plaintiff was not entitled to a preliminary injunction on his access-to-courts claim.  When considering whether Plaintiff had demonstrated a likelihood of success on the merits, Magistrate Judge Schwab found that Plaintiff had not shown that the visitation procedures at SCI-Huntingdon violated his constitutional rights or that the regulations were not supported by a valid penological interest.  (Doc. No. 102 at 62.)  Magistrate Judge Schwab addressed each of the four Turner factors.  First, Magistrate Judge Schwab found that the regulations at SCI-Huntingdon, to the extent that they infringed at all upon Plaintiff's right to access the courts, were justified by the valid penological interests of security and safety.  (Id. at 57-59.)  Second, Magistrate Judge Schwab held that Plaintiff had alternative means of exercising his right to the courts, through meeting his counsel at the "game table" in the visitation area, in any of the attorney booths, or by mail and telephone.  (Id. at 59.)

Magistrate Judge Schwab echoed the finding of Judge Caputo in Lane that "there is nothing in the record suggesting that [Plaintiff] has been deprived of the use of an adequate law library or adequate assistance from persons trained in the law." (Id.) (quoting Lane v. Tavares, 2015 WL 435003, at *10 (M.D. Pa. Feb. 3, 2015)). Third and fourth, Magistrate Judge Schwab observed that Plaintiff did not make a showing that his proposed alternative means of meeting confidentially with his attorney – in particular, physical alterations to SCI-Huntingdon facilities – could be achieved in a way that did not deleteriously affect prison operations or impose a more than de minimis cost to penological interests. (Id. at 60-61.)

Consequently, Magistrate Judge Schwab found that Plaintiff had not shown a likelihood of success on the merits, and that concomitantly, he had not shown the requisite irreparable harm to justify a preliminary injunction.[1] (Id. at 62-63.)

    b.    **Plaintiff's Objections[2]**

Plaintiff has objected to Magistrate Judge Schwab's Report and Recommendation, arguing that: (1) the Report and Recommendation misconstrues the scope of injunctive relief

---

[1] Magistrate Judge Schwab did not explicitly consider the third and fourth factors that courts are to consider when deciding a motion for a preliminary injunction. (See Doc. No. 102); see also, Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994). The third factor – whether granting preliminary relief would unduly harm the non-moving party – weighs against an injunction, because SCI-Huntingdon officials would be forced to adapt their regulations and facilities to suit Plaintiff's needs, while balancing the safety and security needs of other visitors, inmates, and the facility in general. The fourth factor – the public interest – also weighs against the injunction because of the financial costs, efficiency costs, and safety and security costs that the injunction would impose.

[2] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

4

Plaintiff seeks;[3] (2) Magistrate Judge Schwab ignored or misconstrued evidence as to the game table's sufficiency; (3) Magistrate Judge Schwab made surprise evidentiary rulings that derailed Plaintiff's planned presentation of evidence at the hearing; (4) technological problems in the courtroom dampened the effectiveness of Plaintiff's witnesses; (5) that Magistrate Judge Schwab improperly applied the Turner framework by improperly shifting burdens onto Plaintiff; and (6) Magistrate Judge Schwab improperly required Plaintiff to establish a likelihood of success on the merits of his access-to-courts claim, instead of his underlying Section 1983 action.[4] (See Doc. No. 103.)  The Court finds that Magistrate Judge Schwab correctly and comprehensively addressed the substance of Plaintiff's objections in the Report and Recommendation itself and will not write separately to address those objections except as noted in the margin.

As a result, the Court will adopt the Report and Recommendation of Magistrate Judge Schwab in full.  The Court now turns to Magistrate Judge Schwab's order on Plaintiff's non-dispositive motions and Plaintiff's appeal therefrom.

## III.   Order on Non-Dispositive Motions

---

[3] Plaintiff's objection is without merit because the burden rests upon the movant to demonstrate entitlement to injunctive relief, and by extension, the nature and scope of the relief to which a movant is entitled.  See Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir 2014).  In addition, Plaintiff argues in his objections that Magistrate Judge Schwab assumed without cause that he seeks an accommodation by way of a physical change to the facility, rather than a mere change in prison practices.  However, Plaintiff's motion for a preliminary injunction explicitly asks for "access to a space where [Plaintiff and his counsel] may confidentially discuss the conduct of this case … while being shielded from having their conversation overheard or their papers viewed by high-resolution overhead surveillance cameras."  (See Doc. No. 13.)

[4] First, when a preliminary injunction concerns access-to-courts or another ancillary claim unrelated to the ultimate relief sought in an action, the plaintiff is required to demonstrate a likelihood of success on the merits of the issue that would justify the injunction.  Lane, 2015 WL 435003, at *7 (M.D. Pa. Feb 3, 2015) (collecting cases).  Second, the Court observes that Plaintiff's evidentiary and testimonial submissions to the Court relate almost exclusively to the access-to-courts claim, and not the merits of his underlying action.  (See e.g., Doc. No. 17 at 2.)  The Court is satisfied that Magistrate Judge Schwab correctly required Plaintiff to demonstrate a likelihood of success on his access-to-courts claim.

On the same day she issued her Report and Recommendation, Magistrate Judge Schwab also issued a written order denying five of Plaintiff's pending pre-trial motions: (1) Plaintiff's two motions to withdraw as counsel and an associated motion to reconsider the denial of an earlier request to change Plaintiff's docket address; (2) a motion for spoliation sanctions; and (3) a motion for Rule 11 sanctions.  (Doc. No. 101.)  Plaintiff has appealed Magistrate Judge Schwab's disposition of (1) the motions related to Plaintiff's counsel's withdrawal motions; and (2) Plaintiff's motion for Rule 11 sanctions.  (See Doc. No. 105.)  Pursuant to 28 U.S.C. § 636, a district court will only upset a pre-trial ruling by a magistrate judge when the ruling "is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Consequently, the Court will not upset Magistrate Judge Schwab's disposition of Plaintiff's pre-trial motions absent clear error.  See Harrisburg Auth. v. CIT Capital USA, Inc., 716 F. Supp. 2d 380, 386 (M.D. Pa. June 14, 2010); M.D. Pa. L.R. 72.2.

Plaintiff and his counsel filed three motions concerning his attorney's withdrawal from this case.  (Doc. Nos. 75, 82, 100.)  In two, Attorney Marianne Sawicki requests permission to withdraw because, "[e]mployees of the prison dislike" Attorney Sawicki (Doc. No. 100 at 2), because she is "unable to represent the plaintiff effectively because she cannot communicate with him confidentially," (id.), and because her contingency-fee-based representation in this case has become financially untenable for her (see Doc. No. 75).  In a third motion, Plaintiff asked Magistrate Judge Schwab to reconsider the denial of his notice of change of address, from the prison to a post office box affiliated with his attorney.  (Doc. No. 82.)  Illogically, Plaintiff asked the Court to forward docket filings to an outside post office box instead of sending them to his address at the prison, just as his representation of himself pro se from inside the prison would have commenced.  (See Doc. Nos. 80, 81, 82.)

Observing this peculiarity, Magistrate Judge Schwab denied Plaintiff's motion to reconsider the denial of his address change and denied his counsel's motions to withdraw her appearance. (Doc. No. 101 at 22-27.) Magistrate Judge Schwab reasoned that because much of Attorney Sawicki's motivation for withdrawal was based on her inability to communicate effectively with her client, the Report and Recommendation's finding that confidential communication was possible ameliorated much of Attorney Sawicki's concern. (Id.)

Local Rule 83.15 requires attorneys to obtain leave of court to withdraw an appearance in a pending action. M.D. Pa. L.R. 83.15. The decision on whether or not to allow an attorney to withdraw is committed to the discretion of the court, with the caveat that courts must grant an attorney's motion to withdraw when his or her continued representation would serve "no meaningful purpose." Ohntrup v. Makina Ve Kimva Endustrisi Kurumu, 760 F.3d 290, 294-95 (3d Cir. 2014). In exercising their discretion, courts may consider the relevant rules of professional conduct when disposing of a motion to withdraw as counsel. See e.g., Buschmeier v. G&G Invs., Inc., 222 F. App'x 160, 163-64 (3d Cir. 2007) (applying Pennsylvania Rules of Professional Conduct).

The Court does not find that Magistrate Judge Schwab's order was clearly erroneous, so the Court will overrule Plaintiff's objection. However, the Court is cognizant that the final denial of Plaintiff's motion for a preliminary injunction may impact Attorney Sawicki's representation of Plaintiff, and further, that subjective factors like Attorney Sawicki's belief that she may not communicate effectively with her client, regardless of the objective circumstances at SCI-Huntingdon, may affect her ability to ethically continue her representation. Consequently, the Court observes that nothing in Magistrate Judge Schwab's initial order or the Court's present

7

order constrains Plaintiff or Attorney Sawicki's ability to renew the motion to withdraw, taking the new facts and circumstances into account.

As to Plaintiff's objection to Magistrate Judge Schwab's denial of his motion for sanctions, the Court does not find Magistrate Judge Schwab's disposition was clearly erroneous. The Court will not write separately to address this point of appeal.

## IV.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Schwab's Report and Recommendation and overrule Plaintiff's appeal as to her disposition of his pretrial motions. An order consistent with this memorandum follows.